RUSSELL D. GREER
CHAPTER 13 STANDING TRUSTEE
P.O. BOX 3051
MODESTO, CALIFORNIA  95353-3051
TELEPHONE (209) 576-1954

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No.:    14-32392 |
| | ) |
| FELICIDAD BANIQUED | ) D.C. No.:    LGW-3 |
| | ) |
| | ) CHAPTER 13 PROCEEDING |
| Debtor(s). | ) |
| | ) DATE:    MAY 26, 2015 |
| | ) TIME:    10:00 AM |
| | ) DEPT.:    D |

CHAPTER 13 TRUSTEE'S OPPOSITION TO
DEBTOR'S MOTION TO CONFIRM SECOND AMENDED PLAN

RUSSELL D. GREER, Chapter 13 Standing Trustee in the above referenced matter,

opposes Debtor's Motion to Confirm Second Amended Chapter 13 Plan on the following grounds:

## I.

## BASIS OF OPPOSITION

1.    Debtor has failed to provide Trustee with a copy of Debtor's 2014 Federal and State

income tax returns.  Until Trustee is able to review these returns, Trustee is unable to determine

whether Debtor's plan is feasible and pays all projected disposable income for the applicable

commitment period to Debtor's general unsecured creditors.

[11 U.S.C. §1325(a)(6) and 11 U.S.C. §1325(b)(1)]

2.    The Debtor's plan proposes the following monthly payments to secured creditors in

months 1 through 18:

> a)    Caliber Home Loan, conduit, $1,848.58 per month,

> b)    Attorney Fees, $200.00 per month.

These monthly payments total $2,048.58 per month, without Trustee compensation and expense, and

with Trustee compensation and expense, total $2,276.20 per month.  Debtor's plan payment in months

one and two is only $250.00 per month. Accordingly, Debtor's Plan is not feasible. [11 U.S.C.§1325(a)(6)]

3.      Trustee has objected to Debtor's exemptions.  If that objection is sustained, Debtor's exemptions will be disallowed, and Debtor's plan will fail the liquidation test, as there would be non-exempt assets available for distribution to unsecured creditors in a Chapter 7 proceeding, exceeding the 0% distribution to general unsecured creditors provided for in Debtor's plan.  [11 U.S.C. §1325(a)(4)]

**II.**

**POINTS AND AUTHORITIES**

11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes.  Pursuant to 11 U.S.C. §1325(a)(1) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title.

11 U.S.C. §1325(a) provides that the Court shall confirm a plan if certain criteria set forth in §1325(a) is met.

The debtors carry the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation.  In re Arnold and Baker Farms, 177 B.R. 648, 654 (9th Cir. BAP 1994), In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988), In re Wolff, 22 B.R. 510, 512 (9th Cir. 1982).

**WHEREFORE**, the Trustee requests that the court deny Debtor's Motion to Confirm Second Amended Chapter 13 Plan.

Respectfully submitted,

Dated: 05/01/2015                    /S/ LORRAINE W. CROZIER
                                     LORRAINE W. CROZIER,
                                     Attorney for Russell D. Greer,
                                     Chapter 13 Standing Trustee

-2-